IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FREDDIE VARGAS, on his
own behalf and on behalf of all
electricians,**

    Plaintiff,                               Case No.:

vs.

**STRADA SERVICES, INC.,
a Florida Profit Corporation,**

    Defendant.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, FREDDIE VARGAS, on his own behalf and on behalf of all electricians, by and through their undersigned counsel, and hereby files this Complaint against the Defendant, STRADA SERVICES, INC., ("STRADA" or "Defendant"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA. This Court also has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391. These claims arise under the laws of the United States.

2. This action is intended to include all "electricians" who worked for the Defendant at any time within the past three (3) years (2016-2019).

**VENUE**

3. The venue of this Court over this controversy is proper based upon the claim arising in Osceola County, Florida.

**PARTIES**

4. Plaintiff, FREDDIE VARGAS, worked as an "electrician" for Defendant in Florida.

5. Defendant, STRADA SERVICES, INC., is a business located in Osceola County, Florida.

**FLSA ENTERPRISE COVERAGE**

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

8. At all material times (2016-19), Defendant was and is an enterprise covered by the FLSA pursuant 29 U.S.C. § 203.

9. At all material times, Defendant was an employer subject to the FLSA's provision on overtime wages.

10. At all material times (2016-19), Defendant was an employer engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce (i.e. mechanical equipment, telephones, computers, pens, and paper), or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Defendant's employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as construction and building equipment and tools which previously travelled through commerce on a daily basis.

12. At all material times, Defendant had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

13. Defendant employed Plaintiff in the last three (3) years.

14. Defendant controlled and/or was responsible for the work of Plaintiff.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant from approximately August 7, 2018 through November 9, 2018.

16. Plaintiff worked as an "electrician."

17. Plaintiff was responsible for performing duties related to electrical work for Defendant (i.e. getting homes ready for inspections, tripping breakers, installing lights and outlets, correcting electrical wiring, etc.).

18. Defendant paid Plaintiff a salary of $850.00 per week.

19. Plaintiff was a full-time employee and typically worked 50-60 hours per week.

20. For portions of Plaintiff's employment, he worked six (6) days per week.

21. Plaintiff was misclassified as "exempt."

22. Plaintiff was eligible to be paid overtime pay at time and one half.

23. However, Defendant did not pay Plaintiff time and one half for all hours worked over forty per week.

24. Plaintiff is owed additional overtime wages.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession and custody of Defendant.

26. Defendant's failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA were willful and/or reckless.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff worked with other electricians while working for Defendant.

28. Plaintiff and other electricians are putative class members who have similar claims for unpaid overtime.

29. Plaintiff and the class members performed the same or similar job duties as one another in that they performed service work related to electricians for Defendant.

30. Plaintiff and the class members were paid a salary.

31. Plaintiff and the class members were/are misclassified as "exempt."

32. Plaintiff and the class members frequently worked more than forty (40) hours in a workweek during the last three years.

33. Plaintiff and the class members were not paid overtime wages at the proper rate of pay.

34. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

35. Defendant's failure to compensate employees properly for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that employees were paid for all overtime hours worked based on the Defendant's failure to properly account for all time worked by Plaintiff.

36. This policy or practice was applicable to Plaintiff and the class members.

37. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the improper payment of overtime to Plaintiff apply to all class members.

38. Accordingly, the class members are properly defined as:

> **All electricians who worked more than forty hours per week for Defendant within the last three years.**

39. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

40. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

41. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least time and one half the minimum wage for *all* hours worked over forty in a workweek

42. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 42 above.

44. Plaintiff and those similarly situated to him worked for Defendant at various times from 2016 to 2019 as electrician employees for Defendant's business located in Florida.

45. Defendant is an employer doing business in the State of Florida and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

46. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one half the minimum wage for *all* hours worked over forty in a workweek.

47. Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week yet were not compensated for all work in excess of forty (40) hours at the one and half time rate.

48. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to him, are in the possession and custody of Defendant.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, demands:

a) judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them;

b) liquidated damages and/or interest;

c) conditional certification of a collective action;

d) reasonable attorneys' fees and costs incurred in this action;

e) and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this __**25th**__ day of **September, 2019**.

>Respectfully submitted,
>
>**/s/ LOUIS MONTONE**
>Carlos V. Leach, Esq.
>Fla. Bar No.: 540021
>Louis Montone, Esq.
>Fla. Bar No.: 0112096
>The Leach Firm, P.A.
>1950 Lee Road, Suite 213
>Winter Park, Florida 32789
>Office: (407) 574-4999
>Facsimile: (833) 423-5864
>E-mail: cleach@theleachfirm.com
>E-mail: lmontone@theleachfirm.com
>*Attorneys for Plaintiff*